IN THE MATTER OF WALTER M. D. KERN, JR.
AN ATTORNEY-AT-LAW.

Argued June 12, 1975—Decided September 23, 1975.

*Mr. Robert E. Cowen,* Chief, Central Ethics Unit, Administrative Office of the Courts, petitioner, argued the cause *pro se.*

*Mr. Walter M. D. Kern, Jr.,* argued the cause *pro se.*

PER CURIAM. The matter before us presents an issue which has become of great concern to this Court. Three separate complaints were filed against this respondent. Upon each occasion he failed to file an answer within the prescribed period of time and eventually, in each instance, did so only after repeated urging by members of the Bergen County Ethics Committee. These efforts to induce compliance included telephone calls, correspondence and personal interviews. When respondent's course of conduct eventually brought him before this Court at the instance of our Central Ethics Unit, moving in aid of the County Committee, he sought to justify his neglect by arguing that the complaints were inconsequential, improperly motivated or without factual basis.

The argument reveals a total misconception of the obligation of an attorney against whom a complaint has been filed. Such an attorney is not in any way at liberty to ignore a complaint because he believes it to be without substance, maliciously motivated or false in fact. His duty is to file an answer, as dictated by our rules of court, "within 10 days after the service of the complaint upon him. . . ." *R*. 1 :20–4(c). For good and sufficient reason an Ethics Committee may, and customarily does, grant such further time as may be reasonably requested. But such an extension of time should never be thought of as being automatically available nor should it be granted except for good cause and then only for a definite and reasonably short interval.

An ethics complaint should be considered — as it certainly is by the vast majority of all practicing attorneys — as entitled to a priority over any other matter the lawyer may have in hand that can possibly be postponed. Not only should the personal interest of the attorney dictate this reaction, but so should consideration for the members of the county ethics committees, those who staff the Central Ethics Unit in Trenton, and the Court, on whose behalf these agencies act. This Court has always given the most careful

attention to the selection of members of the several county committees. Inevitably, all or most of the lawyers so appointed are extremely busy, and yet they are willing to give their time — now sometimes measured in days or weeks rather than hours — to this vitally important but wholly uncompensated work. Surely it is not too much to ask that the rest of the bar cooperate unstintingly.

Furthermore, a failure to file a timely answer or failure to appear at a scheduled ethics hearing contributes materially to the length of time between the date a complaint is filed and the ultimate disposition of the matter. We are acutely conscious that in many cases this span of time is presently inordinate and ways to alleviate this and other related problems are now being studied by this Court.

None of the complaints filed against respondent is now before us for consideration on the merits; our aid was enlisted solely to compel the filing of answers, which has long since been done. As is quite apparent, this opinion is primarily intended as an admonition to the bar, or rather to those few members of the bar for whom it may be necessary.

We do not wish to make a scapegoat of this respondent, who is by no means a lone transgressor. Similar instances of this kind of neglect, however, will in the future be treated with appropriate severity.

The order to show cause will stand dismissed.

*For dismissal*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER, and Judge CONFORD—7.